**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Herman Joseph Guy,<br><br>　　　　　　　　　　　　Debtor(s).<br><br>Herman Joseph Guy and<br>J&W Electrical & Mechanical, LLC,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>v.<br><br>Carrington Mortgage Services;<br>Wells Fargo, NA, as Trustee for Carrington Mortgage Loan Trust Series 2006-NC-5; and<br>Rogers Townsend & Thomas, PC,<br><br>　　　　　　　　　　　　Defendant(s). | C/A No. 15-04508-JW<br><br>Adv. Pro. No. 15-80194-JW<br><br>Chapter 13<br><br>**ORDER GRANTING MOTION TO DISMISS** |

　　　　This matter is before the Court on the Motion to Dismiss the Adversary Complaint and Motion to Defer Briefing filed by Defendant Rogers Townsend & Thomas, LLC ("RTT"). Plaintiffs, Herman Joseph Guy and J&W Electrical & Mechanical, LLC, are proceeding *pro se* and have filed a Complaint seeking damages, an accounting, and other equitable relief against RTT for the following causes of action: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the Truth in Lending Act and Regulation Z; (3) violation of the Fair Debt Collection Practices Act (Two Counts); (4) Negligent Misrepresentation; (5) South Carolina Common Law Fraud; (6) Negligence; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). Following a review of the pleadings and arguments presented by the parties, the Court grants RTT's Motions based on the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff, Herman Joseph Guy ("Guy"), filed a voluntary petition for relief under Chapter 13 on August 26, 2015. The schedules filed in Guy's bankruptcy case list Wells Fargo as his only creditor in the bankruptcy case. RTT is listed on Schedule D for "Notice Only," as counsel for Carrington Mortgage Service and Wells Fargo.

2. Plaintiffs filed the Complaint on November 17, 2015. The Complaint is signed by Herman Joseph Guy on behalf of both Plaintiffs. The Certificate of Service for the Complaint indicates that Plaintiffs served the Complaint by U.S. Mail on RTT at P.O. Box 100200, Columbia, SC 29202.

3. On November 19, 2015, the Clerk of Court issued the Summons and forwarded it to Plaintiffs for service upon the Defendants.

4. No certificate of service for the Summons was filed.

5. The Court takes judicial notice of the record in the state court foreclosure action,[1] which provides the following procedural history for the litigation between the parties:

   a. Guy entered into a consumer mortgage loan transaction (the "Mortgage") on July 11, 2006 with lender, Nationwide Mortgage N.A., secured by the property located at 154 Old Wilson Road in Longs, South Carolina.

   b. The Mortgage was recorded with the Horry County Registrar of Deeds on July 24, 2006.

   c. On February 28, 2011, Wells Fargo Bank, N.A., as trustee for Carrington Mortgage Loan Trust Series 2006-NC5 Asset Backed Pass-Through

---

[1] A copy of the state court record was introduced into evidence during the hearing on the Motion without objection from the Plaintiffs.

2

Certificates ("Wells Fargo"), filed a Summons and Complaint seeking foreclosure of the Mortgage, Case No. 2011-CP-26-1841 ("Foreclosure Action") and served the Summons and Complaint on Guy.

d. Guy failed to timely respond to the Summons and Complaint in the Foreclosure Action and the state court held him in default.

e. A year later, on February 28, 2012, Guy filed a separate action against Carrington Mortgage Services, LLC, as servicer and attorney in fact for Wells Fargo, in the Court of Common Pleas for Horry County, Civil Action No. 2012-CO-26-1601 ("Guy's State Court Action").

f. On September 28, 2012, Guy's State Court Action was dismissed. In the Order of Dismissal, the state court judge found that "Guy's suit arises from the July 11, 2006 note and mortgage given by [Guy] to Carrington Mortgage's predecessor-in-interest, NA Nationwide Mortgage" and that "Guy's claims in this action against Carrington Mortgage relate directly to the note and mortgage at issue, and more specifically, to Guy's alleged HAMP eligibility. Any such claims by Guy must have instead been brought as compulsory counterclaims in the foreclosure action pending between these parties. Thus, this matter is dismissed without prejudice pursuant to Rule 12(b)(8), SCRCP." Guy did not appeal or move the Court to reconsider the Order of Dismissal.

g. Two years after the Foreclosure Action was filed, Guy filed a motion to set aside the default in the Foreclosure Action pursuant to S.C.R.C.P.

3

55(c), which was denied by the state court master in equity by order entered May 29, 2013 ("Order Denying Relief from Default").

h. On September 12, 2013, a judgment of foreclosure and sale was entered by the state court master in equity in the Foreclosure Action ("Foreclosure Judgment"). The Foreclosure Judgment stated that it incorporated terms of a settlement agreement between Guy and Wells Fargo entered into on May 30, 2013. The state court concluded that Wells Fargo had the legal right to enforce the Note secured by the Mortgage, was the real party in interest as defined by S.C.R.C.P. 17(a), and had fully complied with the South Carolina Supreme Court Administrative Order 2011-05-02-01 dated May 2, 2011. Based upon Wells Fargo's production of the original Note, properly endorsed in blank, and original Mortgage at the May 30, 2013 hearing, the state court further concluded that Wells Fargo was the holder of the Note.

i. Guy's motion for new trial or to amend judgment pursuant to S.C.R.C.P. 59 based upon Wells Fargo's alleged failure to comply with the South Carolina Supreme Court Order No. 2011-05-02-01 was denied by the master in equity by order entered February 19, 2014. Guy did not appeal this order.

6. On April 4, 2014, Guy filed a voluntary petition under Chapter 13 of the Bankruptcy Code, C/A No. 14-01974. This case was filed with the assistance of an attorney. His attorney moved to be relieved as counsel on September 3, 2014, which was approved by the Court during a hearing on October 2, 2014.

4

7. On September 22, 2014, Guy filed a Complaint, *pro se*, against Carrington Mortgage Services and Bank of America (Adv. Pro. No. 14-80112), alleging that Carrington Mortgage Services and Bank of America, NA did not have a valid lien or security interest in his real property based upon issues regarding the transfer of the loan into a securitized trust and did not have legal standing to foreclose their alleged security interest in his real property.

8. Case No. 14-01974 was dismissed on October 3, 2014, following denial of confirmation of Guy's Chapter 13 Plan. As a result of this dismissal, the Complaint in Adv. Pro. No. 14-80112 was dismissed on October 6, 2014.

9. On April 21, 2015, Guy sent a "Notice of Rescission" to Carrington Mortgage Service, LLC via certified mail and regular mail, which purports to "rescind this transaction due to violations of TILA (including but not limited to the unlawful failure to give timely and proper notices required under TILA.")

**CONCLUSIONS OF LAW**

RTT seeks dismissal of this adversary proceeding on the following grounds: (1) the Court lacks personal jurisdiction over RTT; (2) the Complaint is defective because it is not signed by an attorney on behalf of Plaintiff J&W Electrical & Mechanical, LLC; (3) the Court should abstain under the *Rooker-Feldman* and permissive abstention doctrines; (4) Guy failed to disclose this lawsuit as an asset of his estate; and (5) the Complaint fails to state a claim upon which relief can be granted.

I. **Personal Jurisdiction**

RTT argues that this adversary proceeding should be dismissed as to the claims asserted against it because the Plaintiffs failed to properly serve the Summons and

5

Complaint upon it. RTT asserts that service was improper because Plaintiffs mailed a copy of the Summons and Complaint to an associate at the law firm, who was not authorized to accept service of process, and did not mail a copy to its registered agent. Guy argues that his service was proper despite his failure to mail a copy to RTT's registered agent.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998). A defendant may seek dismissal of the case for both lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and insufficient service of process under Fed. R. Civ. P. 12(b)(5). When service of process is challenged, the plaintiff bears the burden of establishing that the service of process complied with Fed. R. Civ. P. 4 (or Fed. R. Bankr. P. 7004 in a bankruptcy proceeding). Davis v. Ozmint, No. 3:09-436-JFA-JRM, 2010 WL 1294117 (D.S.C. Feb. 9, 2010) (citing Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). Guy asserts that he properly served RTT with the Complaint by certified mail to their post office address. The certificate of service attached to the Complaint indicates that the Complaint was mailed to "Rogers, Townsend & Thomas, P.C., PO Box 100200, Columbia.SC29202-32." It does not appear from the evidence presented that service was directed to an officer, managing or general agent, or the registered agent as required by Fed. R. Bank. P. 7004 (requiring service "upon a domestic or foreign corporation or upon a partnership or other unincorporated association [to be made] by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process…") There is no evidence that Plaintiffs served the Summons on RTT. Plaintiffs have failed to meet their burden of establishing that service was proper on RTT. In light of

6

the Court's ruling below that dismissal is appropriate on other grounds, the Court declines to provide Plaintiffs with a further opportunity to properly serve RTT in this action and concludes that dismissal of the Complaint as to RTT is appropriate based on a lack of personal jurisdiction and insufficient service of process.

**II. No Attorney Signature for Plaintiff J&W Electrical & Mechanical, LLC**

RTT argues that dismissal of the Complaint as to the claims of Plaintiff J&W Electrical & Mechanical, LLC, is appropriate because it is not represented by an attorney in this adversary proceeding. It is well-established law that corporations and other business entities must be represented by a licensed attorney in the federal courts. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel."); Secured Construction, LLC v. Executive Construction, LLC, C/A No. 3:10-903-JFA-PJG, 2010 WL 2228374 (D.S.C. Apr. 23, 2010) ("A *pro se* litigant may not represent a corporation or a partnership"). South Carolina Local Bankruptcy Rule 9011 provides that "[a]ll partnerships, corporations and other business entities must be represented by an attorney duly admitted to practice as specified in SC LBR 2090-1, except with respect to the filing of proofs of claim or interests and related documents and reaffirmation agreements or unless allowed by the Court." This same rule applies under South Carolina state law. See Renaissance Enters., Inc. v. Summit Teleservices, Inc., 515 S.E.2d 257, 259 (S.C. 1999) (holding that a non-lawyer is not allowed to represent a corporation in state circuit or appellate courts). Plaintiff J&W Electrical & Mechanical, LLC is a limited liability corporation, which under South Carolina law is a legal entity distinct

from its members.[2]  See S.C. Code Ann. § 33-44-201.  Accordingly, dismissal of the Complaint as to the claims of Plaintiff J&W Electrical & Mechanical, LLC is appropriate.

### III. Abstention

#### a. *Rooker-Feldman Doctrine*

RTT further argues that dismissal is warranted because the *Rooker-Feldman* doctrine requires this Court to abstain from this adversary proceeding.  Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited from undertaking appellate review of state court decisions.  Anderson v. Cordell (In re Infinity Business Group, Inc.), 497 B.R. 495, 499 (Bankr. D.S.C. 2013) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)).  In Anderson v. Cordell, this Court stated:

> The following requirements must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. Exxon Mobil v. Saudi Basic Industries Corporation, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005); see also Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 166 (3d Cir.2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. See Feldman, 460 U.S. at 476, 103 S.Ct. 1303; Rooker, 263 U.S. at 416, 44 S.Ct. 149….[T]he "Rooker–Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir.2006). If the state

---

[2] The Court also observes that the Complaint fails to allege any contractual or fiduciary relationship between Defendants and Plaintiff J&W Electrical & Mechanical, LLC and does not allege that the LCC was a party to the mortgage that was the subject of the Foreclosure Action.  The Complaint appears to seek relief on behalf of Guy only.  Thus, it appears that the LLC is not a real party in interest to this action and should be dropped from this action pursuant to Fed. R. Civ. P. 21, which is made applicable to this proceeding by Fed. R. Bankr. P. 7021.

> court loser is not challenging the state-court judgment, the doctrine does not apply. Id. at 719.

Id. at 500. "The Rooker-Feldman bar extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court…." Cross v. Deutsche Bank Trust Company Americas, No. 3:11-1010-CMC-PJG, 2011 WL 1624958 (D.S.C. Apr. 28, 2011) (citing Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997)). "A federal claim is 'inextricably intertwined' with a state court decision where, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997)).

RTT argues that the *Rooker-Feldman* doctrine applies because the Complaint seeks this Court's review of final decisions of the Horry County Court of Common Pleas. In response, Guy claims that he does not seek to disturb the Foreclosure Judgment "**AT THIS TIME**," but "seeks to stop and avoid a wrongful foreclosure." At the hearing, he again stated on the record that he did not presently seek to overturn the Foreclosure Judgment, but hoped to be able to do so in the future. After carefully reviewing the record in this case, the Court finds that the *Rooker-Feldman* doctrine is applicable because (1) Guy lost in state court; (2) Guy complains of injuries caused by the state courts' Foreclosure Judgment; (3) the state courts' Foreclosure Judgment was rendered prior to this action; (4) in order to allow Guy to pursue the causes of action set forth in the Complaint, this Court would be required to determine that the Foreclosure Judgment was erroneously entered or take action to render that judgment ineffective.

9

Since Plaintiffs are *pro se,* the Court has carefully reviewed and liberally construed the Complaint. Upchurch v. Wilkie, No. 7:10-cv-1819-JMC-JDA, 2011 WL 3652324 (D.S.C. Jul. 29, 2011) (stating that a court must liberally construe *pro se* pleadings). The causes of action in the Complaint are as follows: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the Truth in Lending Act and Regulation Z ("TILA"); (3) violation of the Fair Debt Collection Practices Act (Two Counts) ("FDCPA"); (4) Negligent Misrepresentation; (5) South Carolina Common Law Fraud; (6) Negligence; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). The Complaint does not specify which causes of action are asserted against which Defendants, so the Court will assume for purposes of this Motion that all causes of action are asserted against RTT. With the exception of the FDCPA and TILA causes of action, which appear to be predicated upon Guy's alleged rescission of the Mortgage in 2015, the alleged conduct giving rise to the remaining causes of action in the Complaint appears to have occurred either at the origination of the loan or during the servicing of the loan prior to the filing of the Foreclosure Action or appears related to RTT's participation in pursuing the Foreclosure Action on behalf of Defendants Wells Fargo and Carrington Mortgage Services. At the core of each of these claims is Guy's allegation that Wells Fargo and Carrington Mortgage Services did not have proper ownership of the Note and Mortgage due to an invalid assignment, and therefore RTT engaged in wrongful conduct through its efforts to collect the debt and pursue foreclosure of the Mortgage on their behalf. The Complaint's prayer for relief indicates that, in addition to actual and punitive damages,[3] Guy seeks an accounting, rescission and injunctive relief. These claims are "inextricably intertwined" with the

---

[3] The Prayer for Relief seeks rescission, special damages, compensatory damages, equitable remedies of disgorgement and recoupment of unjust enrichment, injunctive relief, punitive damages, lost principal and losses therefrom.

Foreclosure Judgment because in order to grant the Plaintiff the relief sought, this Court must conclude that the Foreclosure Judgment was erroneously entered on the basis that Wells Fargo and Carrington Mortgage Services did not have proper ownership of the Note and Mortgage and therefore no standing to pursue the Foreclosure Action. This finding would directly contradict the state court's holding in the Foreclosure Judgment that Wells Fargo had the legal right to enforce the Note secured by the Mortgage, was the real party in interest as defined by S.C.R.C.P. 17(a), and was the holder of the Note (based upon Wells Fargo's production of the original Note, properly endorsed in blank, and original Mortgage at the May 30, 2013 hearing). Moreover, awarding Guy a rescission of the mortgage, an accounting of the debt, or injunctive relief, such as an order enjoining the foreclosure sale, would directly contradict the state court's order that foreclosed the mortgage, determined the debt and ordered the sale of the property. Guy's claims that he does not intend to disturb the Foreclosure Judgment through this adversary proceeding are inconsistent, unconvincing, and contradicted by his prayer for relief. The Prayer for Relief in the Complaint states that Plaintiffs seek rescission, special damages, compensatory damages, equitable remedies of disgorgement and recoupment of unjust enrichment, injunctive relief, punitive damages, lost principal and losses therefrom.

  Guy cites <u>Long v. Shorebank Development Corp</u>, 182 F.3d 548 (7th Cir. 1999), a case where the Court of Appeals held that the Rooker-Feldman doctrine did not apply, arguing similar reasoning should be applied in this case. In <u>Long</u>, the plaintiff raised claims in the federal district court under the FDCPA, the Illinois Consumer Fraud and Deceptive Practices Act, the Chicago Landlord Tenant Ordinance, 42 U.S.C. § 1983, breach of contract and common law fraud related to a wrongful forcible entry and detainer proceeding

11

in state court. She sought only damages and did not seek repossession or a reversal of the eviction judgment. The Court of Appeals concluded that Rooker Feldman did not apply because under state law, Long would have not been allowed to pursue these claims as counterclaims to a forcible entry and detainer proceeding, and therefore she did not have a reasonable opportunity to raise her claims in state court. In contrast to the facts of <u>Long</u>, Guy's claims could have been raised in the state court action as counterclaims, but Guy failed to assert those claims by timely filing a responsive pleading in the state court action or timely seeking relief from default. Moreover, in this action, Guy appears to be seeking relief beyond mere damages.

### b. *Permissive Abstention*

Even if the *Rooker-Feldman* doctrine does not apply or does not apply to the FDCPA and TILA causes of action, this Court would nevertheless exercise its discretion to abstain from this proceeding under 28 U.S.C. § 1334(c)(1) because the interests of justice and comity with state courts or state law justifies abstention. <u>See</u> <u>Lanford v. MCE Cars, Inc.</u>, C/A No. 05-11814, Adv. Pro. No. 05-80369, slip op. (Bankr. D.S.C. Jan. 24, 2006) ("Permissive abstention is allowed in the interest of justice, comity with state courts, or respect for state law.") (citing <u>McCullough v. O'Quinn (In re Karottukunnel)</u>, C/A No. 99-08431-W, Adv. Pro. No. 00-80004, slip op. at 2 (Bankr. D.S.C. Mar. 27, 2000). The following factors are considered to determine whether to exercise permissive abstention under 28 U.S.C. § 1334(c)(1):

1) The effect of abstention on the administration of the estate;

2) The extent to which state law issues predominate over bankruptcy law issues;

3) The difficulty or uncertain nature of the state law issues involved;

4) The presence of a related proceeding commenced in state court or other nonbankruptcy court;

5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6) The degree of relatedness or remoteness of proceeding to the main bankruptcy proceeding;

7) The substance rather than form of an asserted "core" proceeding;

8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9) The burden of the bankruptcy court's docket;

10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) The existence of a right to a jury trial; and

12) The presence in the proceeding of nondebtor parties.

American Investors Life Ins. Co. v. Salinas (In re Salinas), 353 B.R. 124, 128 (Bankr. D.S.C. 2006) (citing In re Dunes Hotel Associates, No. 94-75715, 1996 WL 33340785 (Bankr. D.S.C. Jul. 11, 1996)).

Having considered these factors, the Court finds that abstention is appropriate for the following reasons:

1) Abstention would likely result in the dismissal of the underlying bankruptcy case because Guy has listed no other creditors in his bankruptcy case other than Wells Fargo and Carrington Mortgage Services and the Trustee has requested dismissal

on the grounds that Guy lacks sufficient net monthly income to fund a confirmable plan and has missed monthly plan payments.

2) It appears that the viability of the bankruptcy case is entirely dependent upon the elimination or reduction of the debt owed to Wells Fargo and Carrington through Guy's successful pursuit of the claims set forth in the Complaint. Based upon Guy's failure to list this lawsuit as an asset of the estate, it further appears that the damages are being sought by Guy personally and not for the benefit of the bankruptcy estate.[4]

3) The Trustee has indicated her belief that abstention is appropriate because the lawsuit is centered primarily on a two-party mortgage dispute best considered by the state court.

4) The causes of action in the Complaint are primarily state law or federal nonbankruptcy claims. The core issue of Wells Fargo and Carrington Mortgage Services' standing to foreclose is an issue of state law, and it appears that the state law issues predominate over the federal issues.

5) The state law issues raised are not particularly difficult or unsettled, but the nearly 5 years of procedural history in the state court weighs in favor of the state court determining these issues.

---

[4] The Court believes the Trustee would be a necessary party in this action because of Guy's failure to disclose the asset in his schedules and his failure to bring the action for the benefit of his estate. See Lanford v. MCE Cars, Inc., C/A No. 05-11814-W, Adv. Pro. No. 05-80369, slip op. (Bankr. D.S.C. Jan. 24, 2006) (finding that the chapter 13 trustee was a necessary party to the action due to the debtors' failure to disclose the lawsuit and failure to bring the action for the benefit of their estate). This Court has previously barred debtors from maintaining causes of action in an adversary proceeding based upon their repeated failure to disclose such actions as an asset of the bankruptcy estate. See Engh v. Wells Fargo (In re Engh), No. 04-00128-JW, Adv. Pro. No. 07-80018, slip op. (Bankr. D.S.C. Aug. 17, 2007) (finding that the debtor's adversary proceeding should be dismissed unless the trustee moved to join the adversary as the real party in interest).

14

6) The Foreclosure Action is still pending in state court as the foreclosure sale has not been completed.

7) The adversary proceeding involves non-debtor parties, including Plaintiff J&W Electrical & Mechanical, LLC.

8) The filing of the adversary proceeding by Guy in this Court following the entry of unfavorable orders in the state court gives rise to an inference of forum shopping since he appears to be seeking another opportunity to pursue his claims in bankruptcy court and to delay the foreclosure sale.

9) Plaintiffs have requested a jury trial and may be entitled to a jury trial on some or all of their claims.

10) To grant Plaintiffs the relief sought in the Complaint, the Bankruptcy Court would be required to review and reject the state court's Foreclosure Judgment finding that Wells Fargo had the legal right to enforce the Note secured by the Mortgage, was the real party in interest as defined by S.C.R.C.P. 17(a), and was the holder of the Note.

For these reasons, the Court will abstain pursuant to 11 U.S.C. § 1334(c)(1).

In light of the above ruling, it is unnecessary to consider at this time the remaining grounds of RTT's Motion.

## CONCLUSION

Based on the foregoing, RTT's Motion is granted and the Complaint is dismissed without prejudice as to RTT.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/21/2016**



*[signature: John E. Waites]*

US Bankruptcy Judge
District of South Carolina

Entered: 03/22/2016