# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Herman Joseph Guy,<br><br>                                        Debtor(s). | C/A No. 15-04508-JW<br><br>Adv. Pro. No. 15-80194-JW<br><br>Chapter 13<br><br>**ORDER GRANTING MOTION TO DISMISS** |
| Herman Joseph Guy and<br>J&W Electrical & Mechanical, LLC,<br><br>                                        Plaintiff(s),<br><br>v.<br><br>Carrington Mortgage Services;<br>Wells Fargo, NA, as Trustee for Carrington<br>Mortgage Loan Trust Series 2006-NC-5; and<br>Rogers Townsend & Thomas, PC,<br><br>                                        Defendant(s). | |

This matter is before the Court on the Motion to Dismiss the Adversary Complaint and Motion to Defer Briefing filed by Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust ("Wells Fargo"), and Carrington Mortgage Services, LLC ("CMS"). Plaintiffs, Herman Joseph Guy and J&W Electrical & Mechanical, LLC, are proceeding *pro se* and have filed a Complaint seeking damages, an accounting, and other equitable relief against Wells Fargo and CMS (collectively, "Defendants") for the following causes of action: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the Truth in Lending Act and Regulation Z; (3) violation of the Fair Debt Collection Practices Act (Two Counts); (4) Negligent Misrepresentation; (5) South Carolina Common Law Fraud; (6) Negligence; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). Following a review of the pleadings and

arguments presented by the parties, the Court grants Defendants' Motions based on the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. Plaintiff, Herman Joseph Guy ("Guy"), filed a voluntary petition for relief under Chapter 13 on August 26, 2015. The schedules filed in Guy's bankruptcy case list Wells Fargo as his only creditor in the bankruptcy case. Another defendant in this action, Rogers Townsend & Thomas, PC ("RTT") is listed on Schedule D for "Notice Only," as counsel for Carrington Mortgage Service and Wells Fargo.

2. Plaintiffs filed the Complaint on November 17, 2015. The Complaint is signed by Herman Joseph Guy on behalf of both Plaintiffs.

3. The Court takes judicial notice of the record in the state court foreclosure action,[1] which provides the following procedural history for the litigation between the parties:

   a. Guy entered into a consumer mortgage loan transaction (the "Mortgage") on July 11, 2006 with lender, Nationwide Mortgage N.A., secured by the property located at 154 Old Wilson Road in Longs, South Carolina.

   b. The Mortgage was recorded with the Horry County Registrar of Deeds on July 24, 2006.

   c. On February 28, 2011, Wells Fargo Bank, N.A., as trustee for Carrington Mortgage Loan Trust Series 2006-NC5 Asset Backed Pass-Through Certificates ("Wells Fargo"), filed a Summons and Complaint seeking

---

[1] A copy of the state court record was introduced into evidence during the hearing on the Motion without objection from the Plaintiffs.

2

foreclosure of the Mortgage, Case No. 2011-CP-26-1841 ("Foreclosure Action") and served the Summons and Complaint on Guy.

d. Guy failed to timely respond to the Summons and Complaint in the Foreclosure Action and the state court held him in default.

e. A year later, on February 28, 2012, Guy filed a separate action against Carrington Mortgage Services, LLC, as servicer and attorney in fact for Wells Fargo, in the Court of Common Pleas for Horry County, Civil Action No. 2012-CO-26-1601 ("Guy's State Court Action").

f. On September 28, 2012, Guy's State Court Action was dismissed. In the Order of Dismissal, the state court judge found that "Guy's suit arises from the July 11, 2006 note and mortgage given by [Guy] to Carrington Mortgage's predecessor-in-interest, NA Nationwide Mortgage" and that "Guy's claims in this action against Carrington Mortgage relate directly to the note and mortgage at issue, and more specifically, to Guy's alleged HAMP eligibility. Any such claims by Guy must have instead been brought as compulsory counterclaims in the foreclosure action pending between these parties. Thus, this matter is dismissed without prejudice pursuant to Rule 12(b)(8), SCRCP." Guy did not appeal or move the Court to reconsider the Order of Dismissal.

g. Two years after the Foreclosure Action was filed, Guy filed a motion to set aside the default in the Foreclosure Action pursuant to S.C.R.C.P. 55(c), which was denied by the state court master in equity by order entered May 29, 2013 ("Order Denying Relief from Default").

3

    h. On September 12, 2013, a judgment of foreclosure and sale was entered by the state court master in equity in the Foreclosure Action ("Foreclosure Judgment"). The Foreclosure Judgment stated that it incorporated terms of a settlement agreement between Guy and Wells Fargo entered into on May 30, 2013. The state court concluded that Wells Fargo had the legal right to enforce the Note secured by the Mortgage, was the real party in interest as defined by S.C.R.C.P. 17(a), and had fully complied with the South Carolina Supreme Court Administrative Order 2011-05-02-01 dated May 2, 2011. Based upon Wells Fargo's production of the original Note, properly endorsed in blank, and original Mortgage at the May 30, 2013 hearing, the state court further concluded that Wells Fargo was the holder of the Note.

    i. Guy's motion for new trial or to amend judgment pursuant to S.C.R.C.P. 59 based upon Wells Fargo's alleged failure to comply with the South Carolina Supreme Court Order No. 2011-05-02-01 was denied by the master in equity by order entered February 19, 2014. Guy did not appeal this order.

4. On April 4, 2014, Guy filed a voluntary petition under Chapter 13 of the Bankruptcy Code, C/A No. 14-01974. This case was filed with the assistance of an attorney. His attorney moved to be relieved as counsel on September 3, 2014, which was approved by the Court during a hearing on October 2, 2014.

5. On September 22, 2014, Guy filed a Complaint, *pro se*, against Carrington Mortgage Services and Bank of America (Adv. Pro. No. 14-80112), alleging that Carrington Mortgage Services and Bank of America, NA did not have a valid lien or security interest in his

4

real property based upon issues regarding the transfer of the loan into a securitized trust and did not have legal standing to foreclose their alleged security interest in his real property.

6. Case No. 14-01974 was dismissed on October 3, 2014, following denial of confirmation of Guy's Chapter 13 Plan. As a result of this dismissal, the Complaint in Adv. Pro. No. 14-80112 was dismissed on October 6, 2014.

7. On April 21, 2015, Guy sent a "Notice of Rescission" to Carrington Mortgage Service, LLC via certified mail and regular mail, which purports to "rescind this transaction due to violations of TILA (including but not limited to the unlawful failure to give timely and proper notices required under TILA.")

## CONCLUSIONS OF LAW

Defendants seek dismissal of this adversary proceeding on the grounds that the causes of action are barred by the *Rooker-Feldman* Doctrine, res judicata, and the applicable statutes of limitation.

**I.    Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). To satisfy the plausibility standard, Plaintiffs must plead factual content that allows the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. Iqbal, at 1949. Plaintiffs must nudge their claims across the line from conceivable to plausible to resist dismissal. Bell Atlantic, 127 S.Ct. 1955 at 1960. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, at 1949.

5

## II.    *Rooker-Feldman* Doctrine

Defendants argue that dismissal of the Complaint is warranted because the *Rooker-Feldman* doctrine bars this action from being heard in this court. Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited from undertaking appellate review of state court decisions. Anderson v. Cordell (In re Infinity Business Group, Inc.), 497 B.R. 495, 499 (Bankr. D.S.C. 2013) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). In Anderson v. Cordell, this Court stated:

> The following requirements must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state-court judgments. Exxon Mobil v. Saudi Basic Industries Corporation, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005); see also Great Western Mining & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 166 (3d Cir.2010) (noting that the second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim). If applicable, the federal court lacks subject matter jurisdiction over the federal plaintiff's claims and the claims must be dismissed. See Feldman, 460 U.S. at 476, 103 S.Ct. 1303; Rooker, 263 U.S. at 416, 44 S.Ct. 149….[T]he "Rooker–Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir.2006). If the state court loser is not challenging the state-court judgment, the doctrine does not apply. Id. at 719.

Id. at 500. "The Rooker-Feldman bar extends not only to issues actually presented to and decided by a state court, but also to issues that are 'inextricably intertwined' with questions ruled on by a state court…." Cross v. Deutsche Bank Trust Company Americas, No. 3:11-1010-CMC-PJG, 2011 WL 1624958 (D.S.C. Apr. 28, 2011) (citing Plyler v. Moore, 129 F.3d 728, 731 (4th Cir.1997)). "A federal claim is 'inextricably intertwined' with a state court decision where, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state]

6

court judgment was erroneously entered or must take action that would render the judgment ineffectual." Id. (citing Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997)).

Defendants argue that the *Rooker-Feldman* doctrine applies because the Complaint seeks this Court's review of final decisions of the Horry County Court of Common Pleas. In response, Guy claims that he does not seek to disturb the Foreclosure Judgment "**AT THIS TIME**," but "seeks to stop and avoid a wrongful foreclosure." At the hearing, he again stated on the record that he did not presently seek to overturn the Foreclosure Judgment, but hoped to be able to do so in the future. After carefully reviewing the record in this case, the Court finds that the *Rooker-Feldman* doctrine is applicable because (1) Guy lost in state court; (2) Guy complains of injuries caused by the state courts' Foreclosure Judgment; (3) the state courts' Foreclosure Judgment was rendered prior to this action; (4) in order to allow Guy to pursue the causes of action set forth in the Complaint, this Court would be required to determine that the Foreclosure Judgment was erroneously entered or take action to render that judgment ineffective.

Since Plaintiffs are *pro se,* the Court has carefully reviewed and liberally construed the Complaint. Upchurch v. Wilkie, No. 7:10-cv-1819-JMC-JDA, 2011 WL 3652324 (D.S.C. Jul. 29, 2011) (stating that a court must liberally construe *pro se* pleadings). The causes of action in the Complaint asserted against Defendants are as follows: (1) violation of the Real Estate Settlement Procedures Act; (2) violation of the Truth in Lending Act and Regulation Z ("TILA"); (3) violation of the Fair Debt Collection Practices Act (Two Counts) ("FDCPA"); (4) Negligent Misrepresentation; (5) South Carolina Common Law Fraud; (6) Negligence; and (7) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). With the exception of the FDCPA and TILA causes of action, which appear to be predicated upon Guy's alleged rescission of the Mortgage in 2015, the alleged conduct giving rise to the remaining causes of action in the

7

Complaint appears to have occurred either at the origination of the loan or during the servicing of the loan prior to the filing of the Foreclosure Action or appears related to Defendants' conduct in connection with the pursuit of the Foreclosure Action. At the core of each of these claims is Guy's allegation that Defendants did not have proper ownership of the Note and Mortgage due to an invalid assignment, and therefore Defendants engaged in wrongful conduct through their efforts to collect the debt and pursue foreclosure of the Mortgage. The Complaint's prayer for relief indicates that, in addition to actual and punitive damages, Guy seeks an accounting, rescission and injunctive relief. These claims are "inextricably intertwined" with the Foreclosure Judgment because in order to grant the Plaintiff the relief sought, this Court must conclude that the Foreclosure Judgment was erroneously entered on the basis that Wells Fargo and Carrington Mortgage Services did not have proper ownership of the Note and Mortgage and therefore no standing to pursue the Foreclosure Action. This finding would directly contradict the state court's holding in the Foreclosure Judgment that Wells Fargo had the legal right to enforce the Note secured by the Mortgage, was the real party in interest as defined by S.C.R.C.P. 17(a), and was the holder of the Note (based upon Wells Fargo's production of the original Note, properly endorsed in blank, and original Mortgage at the May 30, 2013 hearing). Moreover, awarding Guy a rescission of the mortgage, an accounting of the debt, or injunctive relief, such as an order enjoining the foreclosure sale, would directly contradict the state court's order that foreclosed the mortgage, determined the debt and ordered the sale of the property. Guy's claims that he does not intend to disturb the Foreclosure Judgment through this adversary proceeding are inconsistent, unconvincing, and contradicted by the Complaint's prayer for relief and other pleadings.[2]

---

[2] The Prayer for Relief seeks rescission, special damages, compensatory damages, equitable remedies of disgorgement and recoupment of unjust enrichment, injunctive relief, punitive damages, lost principal and losses therefrom. Moreover, in Plaintiffs' Petition to Enforce Rescission and for Declaratory Relief, filed on February 16, 2016, Guy expressly asks the Court to *rescind the loan transaction, terminate any security interest* in Plaintiff's

8

Guy cites Long v. Shorebank Development Corp, 182 F.3d 548 (7th Cir. 1999), a case where the Court of Appeals held that the *Rooker-Feldman* doctrine did not apply, arguing similar reasoning should be applied in this case. In Long, the plaintiff raised claims in the federal district court under the FDCPA, the Illinois Consumer Fraud and Deceptive Practices Act, the Chicago Landlord Tenant Ordinance, 42 U.S.C. § 1983, breach of contract and common law fraud related to a wrongful forcible entry and detainer proceeding in state court. She sought only damages and did not seek repossession or a reversal of the eviction judgment. The Court of Appeals concluded that *Rooker-Feldman* did not apply because under state law, Long would have not been allowed to pursue these claims as counterclaims to a forcible entry and detainer proceeding, and therefore she did not have a reasonable opportunity to raise her claims in state court. In contrast to the facts of Long, Guy's claims could have been raised in the state court action as counterclaims, but Guy failed to assert those claims by timely filing a responsive pleading in the state court action or timely seeking relief from default. Moreover, in this action Guy appears to be seeking relief beyond mere damages.

### III. Res Judicata

Even if Guy was not precluded under the *Rooker-Feldman* doctrine, the doctrine of res judicata, or claim preclusion, would bar Guy from bringing these claims in this action. See 28 U.S.C. § 1738 (providing that federal courts must give the same preclusive effect to a state court judgment as another court of that state would give). Res judicata is an affirmative defense, which is treated as a ground for dismissal under Fed. R. Civ. P. 12(b)(6). See Davani v. Va. Dept. of Transp., 434 F.3d 712, 720 (4th Cir. 2006) (res judicata or claim preclusion challenge is to be considered pursuant to Rule 12(b)(6)). "The preclusive effect of a state court judgment in federal

---

property created under the transaction, and *return of any money or property given by Plaintiffs* to Wells Fargo and any predecessor in connection with this transaction.

court depends on state law." In re Ford, No. 05-44958-jw, slip op. at 5 (Bankr. D.S.C. Mar. 10, 2006) (citing Levine v. McLeskey, 164 F.3d 210, 213 (4th Cir. 1998); In re Swilley, 295 B.R. 839, 846 (Bankr. D.S.C. 2003)). Under South Carolina law,

> Res judicata bars a subsequent suit by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.

Catawba Indian Nation v. State of South Carolina, 756 S.E. 2d 900, 9907 (S.C. 2014) (quoting Plum Creek Dev. Co. v. City of Conway, 512 S.E.2d 106, 109 (S.C. 1999)). "Res judicata may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction." Id. (citing Johnson v. Greenwood Mills, Inc., 452 S.E.2d 832, 833 (S.C. 1994)). "When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d. 521, 524 n.1 (4th Cir. 2000).

The Foreclosure Judgment was a final determination that Defendants' note and mortgage are valid and established the amount of the debt owed by Guy to Defendants. Both Guy's motion for relief from the entry of default and his motion for new trial or to amend judgment pursuant to S.C.R.C.P. 59 were denied by the master in equity, and Guy did not appeal these orders. Therefore, even though it was a default judgment, the Foreclosure Judgment is a final judgment on the merits. See Credit Alliance Corp. v. Williams, 851 F.2d 119, 122 (4th Cir. 1988) (finding that a default judgment constitutes a final judgment on the merits for purposes of res judicata); In re Pujdak, 462 B.R. 560 (Bankr. D.S.C. 2011) ("It is well-established that default judgments may be entitled to a preclusive effect under the theory of res judicata.") (citing Riehle v. Margolies, 279 U.S. 218, 225

10

Case 15-80194-jw    Doc 33    Filed 03/21/16    Entered 03/22/16 09:31:17    Desc Main
Document    Page 11 of 19

(1929); 50 C.J.S. *Judgments* § 975 (2011) ("A judgment rendered on a default, in a case in which the court has full jurisdiction, is considered a final judgment on the merits for res judicata purposes, and operates as a merger of the cause of action, preventing any further suit on the same subject matter, including all issues which were or could have been raised in the prior action.")). With the exception of J&W Electrical & Mechanical, LLC, which the Court has dismissed from this action by separate order, the Foreclosure Action involved the same parties as in this litigation. Defendants' Motion to Dismiss on the grounds that the causes of action are barred by *res judicata* should be granted because the causes of action in the Complaint either arise out of the same transaction or occurrence that was the subject of the prior action between the parties and could have been raised as counterclaims in the Foreclosure Action; i.e., the mortgage transaction, or are barred for other reasons discussed below.

    a. RESPA claim

With respect to the RESPA claim, subpart A, which is based upon an allegation that Defendants improperly charged late fees for payments received during the 60-day period following the effective date of transfer of servicing of his loan, this claim may not be barred by res judicata, as the conduct is alleged to have occurred in 2008 – 2009, several years after the closing of the loan, but nevertheless should be dismissed because the applicable statute of limitations bars this action, as discussed below. In subpart B, Plaintiffs allege that Defendants charged Guy for services it did not validly render or account for when it closed on Guy's loan transaction and used undisclosed investor funds in violation of TILA and RESPA disclosures. Subpart B of Plaintiffs' RESPA claim is thus barred by res judicata because it plainly arises out of the mortgage transaction that was the subject of the Foreclosure Action and could have been raised in that Action.

    b. TILA claim

With respect to the TILA claim, even though Guy sent the purported rescission letter to Defendants after the filing of the Foreclosure Action and after the Foreclosure Judgment was rendered, the grounds for rescission appears to be based upon the Defendants' alleged failure to provide required disclosures at closing, and thus arises out of the same transaction and occurrence and could have been raised in the Foreclosure Action.

*c. FDCPA claims*

Similarly, the FDCPA claims, which are predicated upon a finding that the underlying mortgage was rescinded pursuant to TILA, would also be barred by res judicata. To the extent the FDCPA claims are based upon allegations of false or misleading representations by Defendants or communications about Guy's debt with persons other than the consumer, a consumer reporting agency, the creditor, or their attorneys without the permission of the consumer, those claims are time barred pursuant to the applicable statute of limitations, as discussed below.

*d. Negligent Misrepresentation*

The Complaint alleges that Defendants made false representations to Guy regarding "the character of the [mortgage] transaction, the parties for whom he should make loan payments to, how his payments would be handled and applied, and their security interest in [Guy's] home" and that they were "true owners" of the Note and Mortgage who were authorized to enforce the Mortgage. Based on these allegations, the Negligent Misrepresentation claim would also be barred by res judicata because the claim arises out of the mortgage transaction that was the subject of the Foreclosure Action and ownership of the note and standing were expressly addressed by the state court in the Foreclosure Judgment. Moreover, this claim depends upon a finding that the assignment of the mortgage to Defendant Wells Fargo was invalid (thus making Wells Fargo not the true owner of the Note and Mortgage), and Plaintiffs lack standing to challenge the assignment.

This Court has previously recognized that an assignment of a mortgage is a separate contract to which the borrower is not a party and thus found that a borrower lacks standing to attack assignments or question their validity. In re McFadden, 471 B.R. 136, 161-62 (Bankr. D.S.C. 2012) (Duncan, J.) ("Courts addressing the standing of a borrower to object to the validity of assignments of his loan have found that a borrower lacks standing to attack assignments due to his status as a third party.")

    *e. Fraud*

Plaintiffs' Fraud claim is based upon an allegation that "Defendants made a material misrepresentation that Defendants legally owned the promissory note and mortgage when in fact Defendants did not, and were not entitled to the payments made by [Guy] to them." For the same reasons set forth above regarding the Negligent Misrepresentation claim, the Fraud claim would also be barred by res judicata.

    *f. Negligence*

Plaintiffs allege that "Defendants were negligent throughout the handling of [Guy's] loan payments, reporting of his transaction, and the foreclosure process" and that "Defendants breached their duty of care to obtain the proper transfer of Plaintiff's Promissory Note and Mortgage into trust prior to cut-off date stipulated by governing covenants of the trust and used this void nullity to obtain a 'wrongful foreclosure.'" Like the causes of action above, this claim also arises out of the mortgage transaction that was the subject of the Foreclosure Action and the state court expressly addressed Defendants' ownership of the note and standing to foreclose in the Foreclosure Judgment. Accordingly, this claim is barred by res judicata.

*g. R.I.C.O.*

The Complaint seeks relief under the R.I.C.O. statute, 11 U.S.C. § 1962, based upon allegations that Defendants colluded with each other to attempt to collect on an unlawful debt from Guy, coerced Guy to make payments to them, pursued sham litigation while not having proper documentation to support its claims in the Foreclosure Action and with knowledge that the loan violated RESPA, TILA, and Regulation Z, and misled the state trial court by "fraudulently misrepresenting the Defendants' interest in the suit." This cause of action is also based upon the same mortgage transaction and issues of ownership and standing, and thus is barred by res judicata.

**IV.    Applicable Statutes of Limitation Bar This Action**

Defendants further argue that the Plaintiffs' RESPA, TILA, and FDCPA claims are barred by the applicable statutes of limitation. A statute of limitations affirmative defense may be raised by a defendant in a motion under Fed.R.Civ.P. 12(b)(6). See El Hadidi v. Intracoastal Land Sales, Inc., No. 4:12–cv–00535–RBH, 2013 WL 625575, at *2 (D.S.C. Feb.20, 2013). Such defense must "clearly appear on the face of the complaint." Richmond, Fredricksburg & Potomac R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir.1993). In other words, the complaint must clearly "allege all facts necessary to the affirmative defense." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir.2007) (citing Forst, 4 F.3d at 250). Based on the facts alleged on the face of the Complaint and for the reasons set forth below, the Court finds that the RESPA, TILA, and FDCPA claims are time barred.

*a. RESPA claim*

"Private claims of RESPA violations related to servicing of mortgage loans and administration of escrow accounts are subject to a three-year statute of limitations, which runs 'from the date of the occurrence of the violation.'" Wimbley v. Select Portfolio Servicing, Inc., No. 1:08CV939, 2009 WL 2045922, at *4 (M.D.N.C. July 9, 2009) (quoting 12 U.S.C. § 2614)

("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation...."). The allegations of the Complaint show that Defendants' conduct serving as the basis for the RESPA claims under 12 U.S.C. §§ 2605 and 2607 either occurred at the closing in 2006 or in 2008-2009. As more than three years have elapsed since the alleged conduct occurred, the RESPA claims are time barred under 12 U.S.C. § 2614.

Guy argues that the RESPA claim was timely filed because the statute of limitation should be equitably tolled. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 428 (1965). Equitable tolling is warranted when (1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," and (2) when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The doctrine of equitable tolling is applied sparingly, and is only available in circumstances where the plaintiff has acted diligently in preserving his legal rights. Irwin v. Dept. of Vet. Affairs, 498 U.S. 89, 96 (1990); Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002).

The Court finds that equitable tolling should not be applied in this case because Guy has not acted diligently in pursuing these claims. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 155 (1984). He failed to timely respond to the Complaint in the Foreclosure Action,

15

resulting in a default judgment being entered against him, and did not seek relief from the default judgment until more than 2 years later. Any issues regarding the amount of the debt or the wrongful charging of late fees would have been reasonably brought to light by the Complaint filed in the Foreclosure Action in February of 2011, which set forth the amount of the debt being demanded by Defendants. Guy's State Court Action brought separately against the Defendants was brought a year after the Foreclosure Action was commenced. Guy has not alleged any wrongful conduct on the part of the Defendants which prevented him from discovering his claims nor has he alleged any facts demonstrating that extraordinary circumstances beyond his control made it impossible to timely file his claims. His failure to exercise due diligence precludes a tolling of the limitations period.

    *b. TILA claim*

Under TILA, Guy's right to rescind expired "three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor…." 15 U.S.C. § 1635(f); see also 12 C.F.R. § 1026.23(3)(i)(2014) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.") According to the Complaint, Guy entered into the loan transaction with the original lender on July 11, 2006. Therefore, pursuant to 15 U.S.C. § 1635(f), the statute of limitations expired on July 12, 2009. Guy alleges in the Complaint that he sent a "Notice of Rescission" to Carrington Mortgage Service, LLC on April 21, 2015. Since the purported rescission was sent more than five years after the statute of limitations expired, the TILA claim is barred by the statute of limitations.

16

Guy argues that the Supreme Court's ruling in Jesinoski v. Countrywide Home Loans, Inc. allows him to pursue the TILA claim. See 135 S.Ct. 790, 791-92 (2015). In Jesinoski, the Supreme Court held that TILA's three year statute of limitations only required a borrower to exercise its right of rescission through a written notice to the lender within the three-year period, and did not require a borrower to bring suit within that time frame. Id. (holding that "so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.") Jesinoski does not support Guy's argument that the statute of limitations set forth in 15 U.S.C. § 1635(f) may be extended beyond the three years from the date of the loan transaction. Id. at 792 (noting that "this conditional right to rescind does not last forever.")

Guy argues that the notice of rescission was timely filed because the statute of limitations should be equitably tolled. For the same reasons stated above with respect to the RESPA claims, equitable tolling should not be applied to extend the statute of limitations as to the TILA claim.

Guy further argues that the statute of limitations has not expired because loan was not consummated within the meaning of 15 U.S.C. § 1635(f). Guy argues that the Court should find that the loan was not consummated because Plaintiffs were never provided with the documentation that the lender was required to provide and the true original lender was not disclosed. Under TILA, "consummation" means the time that a consumer becomes contractually obligated on a credit transaction. 12 C.F.R. § 226.2(a)(13). A borrower's loan is consummated for TILA purposes when the borrower signs the contract and credit is extended. Gibson v. LTD, Inc., 434 F.3d 275 (4th Cir. 2006) (holding that a borrower's credit agreement was consummated when he signed the retail installment sales contract); Weintraub v. Quicken Loans, Inc., 594 F.3d 270 (4th Cir. 2010) (finding that a transaction has been consummated when credit is in fact extended). It is clear from

17

the allegations of the Complaint that Plaintiffs do not contest that credit was extended on July 11, 2006. Plaintiffs allege that "Herman Guy ("Plaintiff"), did establish a consumer Mortgage Loan on July 11, 2006 for the Property located at 154 Old Wilson Road with lender Nationwide Mortgage N.A." and "Plaintiff did establish a Mortgage Loan with Nationwide Mortgage, N.A. to obtain necessary liquidity to facilitate expedited growth of Plaintiff's electrical Contracting business." Plaintiffs allege that there was an undisclosed lender for the Mortgage, but provides no authority suggesting that where a lender is otherwise disclosed on the loan documents (here, Nationwide Mortgage, N.A.), a hidden investor must also be disclosed before a loan can be consummated. See Major v. Imortgage.com, Inc., No. 5:15-cv-02592, 2016 WL 492740, at *3 (C.D. Cal. Feb. 8, 2016) (finding that plaintiffs' loan was consummated despite allegations of undisclosed "hidden investors" where loan documents clearly identified a lender). Based on the undisputed factual allegations in the Complaint, the Court concludes that the loan was consummated on July 11, 2006, the date Guy signed the loan documents and credit was extended.

    c. FDCPA claim

Guy's FDCPA claim is entirely derivative of his TILA claim since the allegedly false representations serving as the basis of the FDCPA claim depend upon a finding that the mortgage was rescinded by Guy pursuant to TILA.[3] Since the TILA claim is barred by the statute of limitations, Guy cannot prevail under the FDCPA claim, and it should also be dismissed.

---

[3] See Complaint, ¶219 ("Carrington Mortgage Services violated section 1692(c) by failing to cease its communications with H Joe Guy and trying to collect a debt that no longer existed via the notice it sent to H Joe Guy…. Further, Wells Fargo violated sections 1692(e) 2 (a) and (b), 4, and 5, by sending a notice that instead of recognizing H Joe Guy lawful rescission, falsely represented the legal status of the debt as still active, that their home could still be foreclosed on, that they could modify a debt that no longer existed, and using veiled threats that their agent law firm Rogers Townsend and Thomas could still legally proceed with sheriffs sale." )

18

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/21/2016**



US Bankruptcy Judge
District of South Carolina

Entered: 03/22/2016