# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Herman Joseph Guy,<br><br>                                Debtor(s). | C/A No. 15-04508-JW<br><br>Adv. Pro. No. 15-80194-JW<br><br>Chapter 13 |
| Herman Joseph Guy and<br>J&W Electrical & Mechanical, LLC,<br><br>                              Plaintiff(s),<br><br>v.<br><br>Carrington Mortgage Services;<br>Wells Fargo, NA, as Trustee for Carrington Mortgage Loan Trust Series 2006-NC-5; and<br>Rogers Townsend & Thomas, PC,<br><br>                              Defendant(s). | **ORDER DENYING PLAINTIFF HERMAN JOSEPH GUY'S MOTION FOR RECONSIDERATION** |

This matter comes before the court on the motion ("Motion") of Herman Joseph Guy ("Debtor") seeking reconsideration of the Court's orders granting the Defendants' motions to dismiss. Defendant Rogers Townsend & Thomas, PC ("RTT") filed a response in opposition to the Motion.

Under the Federal Rules of Bankruptcy Procedure, motions for reconsideration are treated by this Court as either (1) a motion to alter or amend a judgment pursuant to Fed. R. Bankr. P. 9023 or (2) a motion for relief from judgment pursuant to Fed. R. Bankr. P. 9024. A motion to alter or amend under Fed. R. Bankr. P. 9023 must be filed no later than 14 days after the entry of the judgment. Debtor filed the Motion on April 11, 2016—20 days after the orders granting Defendants' motions to dismiss were entered. Therefore, to the extent

that Debtor seeks relief under Fed. R. Bankr. P. 9023, the Motion is untimely and must be denied.

The Motion must also be denied to the extent it seeks relief under Fed. R. Bankr. P. 9024. Rule 9024 provides that Fed. R. Civ. P. 60 applies in bankruptcy cases. Rule 60(a) appears inapplicable because it refers to clerical mistakes, oversights and omissions, and Debtor has not asserted that relief should be granted on any of those grounds. Rule 60(b) allows a court to grant relief from a final judgment, order or proceeding under certain specified circumstances. The Court must consider a Rule 60(b) motion in two parts: First, "a party seeking relief under Rule 60(b) must make a threshold showing of 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party and exceptional circumstances." Huennekens v. Reczek, 43 Fed. Appx. 562, 567 (4th Cir. 2002) (citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993)). Second, the party seeking relief must satisfy one of the six enumerated subsections of Rule 60(b): (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) void judgment; (5) satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

Debtor's Motion must be denied because he has failed to meet the initial threshold requirement of demonstrating that a meritorious defense to the dismissal exists.

The arguments raised by Debtor in this Motion all stem from the same core argument—that Defendants did not have proper ownership of the Note and Mortgage due to an invalid assignment and therefore engaged in wrongful conduct through their efforts to collect the debt and pursue foreclosure in state court. This argument was previously raised

by Debtor in response to Defendants' motions to dismiss. The Court concluded that Debtor's claims based upon this argument against Defendant Wells Fargo Bank, N.A., and Carrington Mortgage Services, LLC were barred by res judicata, the Rooker-Feldman doctrine, and applicable statutes of limitations. The Court similarly concluded that Debtor's claims against RTT, which were also premised upon this allegedly invalid assignment, were barred by the Rooker-Feldman doctrine.[1]

Without citation to any supporting case law, Debtor argues that the Rooker-Feldman and res judicata doctrines do not apply to a voided mortgage or note. Debtor's argument is predicated upon a determination that the assignment of mortgage is invalid—a finding that this Court is barred from making under both the Rooker-Feldman and res judicata doctrines. When determining whether the Rooker-Feldman doctrine applies, the Court is limited to considering whether (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state court judgments. See Anderson v. Cordell (In re Infinity Business Group, Inc.), 497 B.R. 495, 500 (Bankr. D.S.C. 2013). Similarly, when determining whether the doctrine of res judicata applies, the Court only considers whether (1) the identities of the parties are the same as in the prior litigation; (2) the subject matter is the same as in the prior litigation; and (3) there was a prior adjudication of the issue by a court of competent jurisdiction. See Catawba Indian Nation v. State of South Carolina, 756 S.E. 2d 900, 907 (S.C. 2014). In making these determinations, the Court does not consider the substance or merits of an issue

---

[1] Debtor has raised no errors regarding the Court's conclusions in its Order Granting RTT's Motion to Dismiss that the Court lacked personal jurisdiction over RTT, that Plaintiff J&W Electrical & Mechanical, LLC should be dismissed because it is not represented by an attorney in this adversary proceeding or that permissive abstention was appropriate under 11 U.S.C. § 1334(c)(1).

3

previously raised and determined by the state court. Moreover, once it determines that the doctrines apply, the Court is prohibited by these doctrines from considering such issue. Debtor has raised no other arguments to demonstrate that the Court's conclusions regarding the application of these doctrines were made in error or establish any other meritorious defense to the dismissal.

Even if Debtor could satisfy the threshold requirements for relief, he has not demonstrated that he is otherwise entitled to relief under Rule 60(b). In the Motion, Debtor merely rehashes the arguments he raised in opposition to Defendants' motions to dismiss. The Court can find no evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason justifying relief from its orders granting Defendants' motions to dismiss based on the facts presented by Debtor. Accordingly, it is hereby

ORDERED that Debtor's Motion is denied.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/29/2016**



_John E Waites_
US Bankruptcy Judge
District of South Carolina

Entered: 04/29/2016